## Thompson v. Taylor.

(Decided April 29, 1919.)

Appeal from Lawrence Circuit Court.

1. Elections—Contest— Grounds—Petition.—In a contest for an office required by law to be filled at a general (i. e. regular) election, the contestant must file in the circuit court his petition containing the grounds of contest within ten days after the canvass of the votes cast at such election and ascertainment of the result shall have been made by the County Board of Election Commissioners.

2. Elections—Contest—Grounds—Petition.—The filing in the circuit court of the petition and grounds of contest within ten days after the issuance of the certificate of election to the successful candidate, will not meet the requirements of Kentucky Statutes, section 1596a, subsection 12, regulating such contests. As in this case the petition containing the grounds of contest was not filed within ten days after the Board of Election Commissioners canvassed the vote and ascertained the result of the election, the circuit court properly dismissed the petition.

CLYDE L. MILLER and C. F. SEA, JR., for appellant.

W. D. O'NEAL, F. M. VINSON, JOHN M. WAUGH and JOHN W. WOODS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellant and appellee were rival candidates for the office of sheriff of Lawrence county at the November election, 1917, the former being the nominee of the Republican party, and the latter the nominee of the Democratic party. Appellee, on the face of the returns, received a majority of six votes over the appellant, and appellant contested the election. The appellee filed a special and general demurrer to the petition and, without waiving either, also filed an answer travering its averments and setting forth grounds of counter contest. The

circuit court, however, sustained both the special and general demurrers of appellee, dismissed the petition, and adjudged appellee entitled to the office in controversy. Appellant complains of the judgment, hence this appeal.

It is refreshing to note that neither the petition nor answer contains any of the customary charges of fraud and bribery in the election. It is only alleged in the petition that by mistake of the election officers in canvassing and certifying the votes in certain named precincts of the county, appellee had been made the recipient of the votes of a number of persons voting illegally and of persons who were not legal voters; and similar charges were made in the answer as to numerous votes cast and counted for appellant.

Although not shown by the record on this appeal, it appears from the admissions of counsel that two contests were instituted by appellant for the office in question; the first within ten days after the county board of election commissioners had, by a canvass of the votes as returned, ascertained the result of the election and declared appellee elected; the second, which is the present contest, was instituted while the first was pending and within ten days after the issuance and delivery to appellee by the county board of election commissioners of the certificate of election. The trial of the first contest in the circuit court, which occurred before the decision of the second and present contest, resulted in a judgment declaring appellee duly elected to the office, from which judgment appellant failed to prosecute an appeal.

The special demurrer to the petition in the second and present contest was filed by appellee on the ground that it could not be maintained because of the pendency at the time of the first contest in the same court, between the same parties for the same office. Civil Code, section 92, defines the office of the special demurrer and gives the several grounds for the filing thereof, subsection 3 providing that it may be employed on the ground "that another action is pending, in this state, between the same parties for the same cause." . . . Section 118 provides: "A party may by an answer or other proper pleading make any of the objections mentioned in section 92 the existence of which is not shown by the pleading of his adversary." . . . Whether, as contended by counsel for appellant, the special demurrer did not lie as the petition failed to show the pendency of the first contest,

or whether, as contended by counsel for appellee, it did lie because the court had the right to take judicial knowledge of the fact that both contests were on its docket and then pending, it is unnecessary for us to decide, as the only material question presented for decision in the case was raised by the general demurrer filed by appellee to the petition.

The general demurrer was sustained by the trial court upon the ground that the petition showed no right in appellant to the office, as it was not filed and contest instituted within ten days after the final action of the board of canvassers as required by Ky. Stats., section 1596a, subsection 12. So the question to be decided is, whether in order for an unsuccessful candidate to contest the election of the opposing candidate to whom the office involved was awarded by the action of the county board of election commissioners, his petition containing the grounds of contest should be filed within ten days after the canvass of the vote and ascertainment of the result by the county board of election commissioners, or within ten days after the issuance of the certificate of election to the candidate declared entitled to the office. As in this case the petition was not filed or contest instituted by appellant until within the ten days next succeeding the issuance to appellee of the certificate of election, the contest was not instituted within the time prescribed by the statute and the circuit court was without jurisdiction to hear or determine the contest; hence we are constrained to hold that the demurrer to the petition was properly sustained.

The statute, *supra,* regulating the contest in a case like this requires that the petition and grounds of contest be filed in the office of the clerk of the circuit court "within ten days after the final action of the board." In the light of at least two recent decisions of this court the words "final action of the board" must be construed to mean its action in canvassing the returns and ascertaining the result of the election and as having no reference to the issuance by them of the certificate of election to the successful candidate.

In Ward, etc. v. Howard, etc., 177 Ky. 38, which involved contests for nomination to certain offices under the general primary election law, we held that although the primary election statute provides for the giving by the contestant to the contestee of a written notice of his pur-

pose to contest the latter's nomination and the grounds therefor "within five days from the time the election commissioners have awarded the certificate of nomination to such candidiate whose nomination is contested," it was nevertheless necessary that the notice of contest be given within five days from the time the votes are canvassed and tabulated by the election commissioners, and it has been thus determined who received a majority of the votes, although no certificate of nomination has been issued by the election commissioners.

No reason is perceived for holding that what was thus declared in the case, *supra,* to be the law is not equally applicable to a contest over an office for which the contestant and contestee were voted at a regular or general election. Indeed in Hall v. Martin, 183 Ky. 120, it was expressly so held. In that case the contest was over the office of jailor of Floyd county. The petition and grounds of contest were filed within ten days after the final action of the board of election commissioners, as required by Ky. Stats., section 1596a, subsection 12, and before any certificate of election was issued. In the opinion we in part said: "Defendant insisted that the contest was prematurely filed, it being claimed that under the provisions of subsection 12 of section 1596a of the Ky. Stats. the suit was not maintainable until after the canvassing board had issued its certificate of election. That section provides that the contest shall be instituted within ten days after the final action of the board of canvassers; and under the doctrine announced in the case of Ward v. Howard, 177 Ky. 38, such 'final action' for the purpose of contest proceedings is held to mean the time when the board ascertains the result of the election and not when it issues its certificate of election. Under the ruling of that case this contention cannot be considered."

The judgment of the circuit court being in accord with the conclusions we have expressed, it is hereby affirmed.